UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

FRED THOMPSON,

    Plaintiff,

v.

AT&T CORP. and AFNI, INC.,
    Defendants.
_____/

CASE NO.:

DEMAND FOR JURY TRIAL

## COMPLAINT

1. This is a case brought by Plaintiff, FRED THOMPSON under the Florida Consumer Collection Practices Act ("FCCPA") and the Fair Debt Collection Practices Act ("FDCPA"). This Court has jurisdiction over the Plaintiff's claims pursuant to 28 U.S.C. § 1331 (b), 15 U.S.C. § 1692k, and 28 U.S.C. § 1334 (b).

## JURISDICTION AND VENUE

2. Jurisdiction of this Court arises under 28 U.S.C. § 1331 because the Complaint alleges federal claims and requires the resolution of substantial question of federal law.

3. Moreover, this case is a civil action arising under the law of the United States over which this Court has original jurisdiction under 28 U.S.C. § 1331.

4. In addition, the Court has jurisdiction pursuant to 15 U.S.C. § 1692k(d) and pursuant to 28 U.S.C. § 1367 for pendent state law claims.

5. Venue in this District is proper because this is the District where a "substantial part of the events or omissions giving rise to the claim occurred." 28 U.S.C. § 1391(b)(2). Venue is also proper in this District because the acts and transactions occurred here, Plaintiff resides here, and Defendants transact business here.

1

## PARTIES

6. Plaintiff is a natural person and a resident of Duval County, Florida. At all times material hereto, Plaintiff was a "debtor" or "consumer" as defined by Fla. Stat. § 559.55(2) and 15 U.S. Code § 1692a. Plaintiff has standing to bring a claim under the FCCPA and the FDCPA because he was directly affected by violations of these Acts, and was subjected to Defendants' illegal and improper debt collection activities.

7. Defendant AT&T CORP. is a New York corporation specializing in telecommunications, based in Bedminister, NJ.

8. Defendant AT&T CORP. is a "creditor" as it is defined in Fla. Stat. §559.55(5) and is a "debt collector" as it is defined under 15 USC 1692a(6).

9. Defendant AFNI, INC. is an Illinois corporation specializing in debt collection and based in Bloomington, IL.

## FACTUAL ALLEGATIONS

10. Prior to April 2019, an identity thief opened a fraudulent AT&T account and charged $7,106.50 to it.

11. Plaintiff was contacted about this debt by AT&T and promptly disputed the ownership of the account.

12. On or about April 15, 2019, defendant AT&T responded to his disputes and found that the account was indeed fraudulent. The Defendant then sent a letter regarding this decision, adding that Plaintiff was "not responsible for this bill" and that their outside collection agency had been notified. ***See Exhibit A.***

13. Following April 15, 2019, by all accounts, Plaintiff no longer owed a debt to AT&T.

14. On or about January 3, 2021, AT&T began billing Plaintiff once again for the same $7,106.50 Debt. Defendant AT&T also directed its collection agency, Defendant AFNI, INC., to send debt collection letters to Plaintiff. *See Exhibit B.*

15. Plaintiff was specifically told by AT&T that (1) he did not owe this Debt and (2) that AT&T had informed its debt collector of this fact.

16. In the case at bar, this Defendant attempted to collect on a debt that was not owed and that Defendant AT&T itself had found to be identity theft.

17. Upon information and belief, Defendant AT&T employs a nationwide business model and/or computer software platform that systematically permits AT&T to indiscriminately seek payment for debts **it admits the consumer does not owe,** despite having knowledge of this fact.

18. Upon information and belief, Defendant AFNI, INC. employs a nationwide business model and/or computer software platform that systematically permits it indiscriminately seek payment for debts **the consumer does not owe**, despite having knowledge of this fact.

### COUNT I: VIOLATION OF THE FLORIDA CONSUMER COLLECTION PRACTICES ACT, FLA. STAT. § 559.55 *et seq.* ("FCCPA")
(AT&T)

19. Plaintiff repeats and re-alleges each and every allegation contained in paragraphs 1 through 18 above as if fully set forth herein.

20. "The Consumer Collection Practices Act is a laudable legislative attempt to curb what the Legislature evidently found to be a series of abuses in the area of debtor-creditor relations." Harris v. Beneficial Finance Co. of Jacksonville, 338 So. 2d 196, 200-01 (Fla. 1976).

21. At all times material herein, Plaintiff's debt was a "debt" or "consumer debt" as defined by Fla. Stat. § 559.55(6).

22. At all times material herein, Defendant AT&T was a "person" as referred to under Fla. Stat. § 559.72.

23. The FCCPA uses the same definitions as the Fair Debt Collection Practices Act (FDCPA) for "consumer", "debt collector", and "debt or consumer debt". Fla. Stat. §§ 559.55(1), (2), and (6). The FCCPA expressly recognizes its interplay with the FDCPA, stating that "[t]his part is in addition to the requirements and regulations of the federal act", and directs that "[i]n the event of any inconsistency between any provision of this part and any provision of the federal act, the provision which is more protective of the consumer or debtor shall prevail." Fla. Stat. §559.552.

24. Among the FCCPA's enumerated prohibitions, the relevant sections are as follows:

    Prohibited practices generally. In collecting consumer debts, no person shall:

    (7) "… willfully engage in other conduct which can reasonably be expected to abuse or harass the debtor or any member of her or his family."

    (9) "…, or assert the existence of some other legal right when such person knows that the right does not exist.

    Fla. Stat. §559.72(7)(9).

25. Defendant AT&T sent Plaintiff a billing statement which states that he owed a total amount due of $7,106.50. **See Exhibit C.** AT&T had proof that Plaintiff *did not owe this amount.*

26. Defendant AT&T had knowledge of the fraud regarding his Debt.

27. By demanding payment for a discharged debt, Defendant AT&T has violated Fla. Stat. § 559.72(7) and (9) by "willfully engag[ing] in other conduct which can reasonably be expected to abuse or harass" the Plaintiff and also "…, or assert the existence of some other legal right when such person knows that the right does not exist."

4

28. As a direct and proximate result of Defendant AT&T's FCCPA violations, Plaintiff has been harmed.

29. Defendant's illegal and abusive collection communications as more fully described above were the direct and proximate cause of emotional distress on the part of Plaintiff.

30. Plaintiff has suffered actual damages as a result of these illegal collection communications by the Defendants in the form of anger, anxiety, emotional distress, fear, frustration, upset, humiliation, embarrassment, amongst other negative emotions, as well as suffering from unjustified and abusive invasions of personal privacy.

31. Plaintiff is entitled to statutory damages of $1,000 per individual and attorney's fees and costs pursuant to Fla. Stat. § 559.77(2).

32. Because Defendant AT&T's actions were intentional, willful and/or without regard for Plaintiff's rights, Plaintiff reserves the right to seek punitive damages upon the showing of the records of evidence sufficient to form the basis of a claim for punitive damages.

WHEREFORE, Plaintiff prays that the Court enter an Order:

a. for an award of actual damages pursuant to Section 559.77 against Defendant and for Plaintiff;

b. for an award of statutory damages of $1,000.00 pursuant to Section 559.77 against Defendant and for Plaintiff;

c. for an award of costs of litigation and reasonable attorney's fees pursuant to Section 559.77 against Defendant and for Plaintiff; and

d. for such other relief as this Court deems just and proper.

## COUNT II: VIOLATION OF THE FLORIDA CONSUMER COLLECTION PRACTICES ACT, FLA. STAT. § 559.55 *et seq.* ("FCCPA")
### (AFNI)

33. Plaintiff repeats and re-alleges each and every allegation contained in paragraphs 1 through 18 above as if fully set forth herein.

34. "The Consumer Collection Practices Act is a laudable legislative attempt to curb what the Legislature evidently found to be a series of abuses in the area of debtor-creditor relations." Harris v. Beneficial Finance Co. of Jacksonville, 338 So. 2d 196, 200-01 (Fla. 1976).

35. At all times material herein, Plaintiff was "debtors" or "consumers" as defined by Fla. Stat. § 559.55(8).

36. At all times material herein, Plaintiff's debt was a "debt" or "consumer debt" as defined by Fla. Stat. § 559.55(6).

37. At all times material herein, Defendant was a "person" as referred to under Fla. Stat. § 559.72.

38. The FCCPA uses the same definitions as the Fair Debt Collection Practices Act (FDCPA) for "consumer", "debt collector", and "debt or consumer debt". Fla. Stat. §§ 559.55(1), (2), and (6). The FCCPA expressly recognizes its interplay with the FDCPA, stating that "[t]his part is in addition to the requirements and regulations of the federal act", and directs that "[i]n the event of any inconsistency between any provision of this part and any provision of the federal act, the provision which is more protective of the consumer or debtor shall prevail." Fla. Stat. §559.552.

39. Among the FCCPA's enumerated prohibitions, the relevant sections are as follows: Prohibited practices generally. In collecting consumer debts, no person shall:

   (7) "… willfully engage in other conduct which can reasonably be expected to abuse or harass the debtor or any member of her or his family."

6

(9) "…, or assert the existence of some other legal right when such person knows that the right does not exist.

Fla. Stat. §559.72(7)(9).

40. Defendant AFNI sent Plaintiff a letter which attempted to collect on a debt that the Defendant AFNI had notice Plaintiff did not owe. ***See Exhibit C.***

41. Upon information and belief, Defendant AFNI had knowledge of Plaintiff not owing the debt when it began collecting.

42. By demanding payment for a debt which Plaintiff did not owe, Defendant AFNI has violated Fla. Stat. § 559.72(7) and (9) by "willfully engag[ing] in other conduct which can reasonably be expected to abuse or harass" the Plaintiff and the AFNI FCCPA Class and also "…, or assert the existence of some other legal right when such person knows that the right does not exist."

43. Defendant's illegal and abusive collection communications as more fully described above were the direct and proximate cause of emotional distress on the part of Plaintiff.

44. Plaintiff has suffered actual damages as a result of these illegal collection communications by the Defendants in the form of anger, anxiety, emotional distress, fear, frustration, upset, humiliation, embarrassment, amongst other negative emotions, as well as suffering from unjustified and abusive invasions of personal privacy.

45. As a result of Defendant's violations of the FCCPA, Plaintiff is entitled to actual damages and statutory damages in an amount up to $1,000.00 and reasonable attorney's fees and costs pursuant to Section 559.77 from Defendant.

46. Additionally, Section 559.77 provides a court may award punitive damages as well as equitable relief to Plaintiff such as enjoining further illegal collection activity.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that judgment be entered against Defendant:

a. for an award of actual damages pursuant to Section 559.77 against Defendant and for Plaintiff;

b. for an award of statutory damages of $1,000.00 pursuant to Section 559.77 against Defendant and for Plaintiff;

c. for an award of costs of litigation and reasonable attorney's fees pursuant to Section 559.77 against Defendant and for Plaintiff; and

d. for such other relief as this Court deems just and proper.

## COUNT III: VIOLATIONS OF THE FAIR DEBT COLLECTIONS PRACTICES ACT
### (AFNI)

47. Plaintiff repeats and re-alleges each and every allegation contained in paragraphs 1 through 18 above as if fully set forth herein.

48. Plaintiff is a consumer as that term is defined by 15 U.S.C. §1692(a)(3).

49. Defendant AFNI is a "debt collector" as defined by the 15 U.S.C.A. § 1692a(6).

50. At all material times herein, Defendant attempted to collect a consumer debt allegedly incurred by Plaintiff.

51. At all material times herein, the Debt is a consumer debt obligation resulting from a transaction for goods or services and incurred primarily for personal, household, or family use.

52. At all material times herein, Defendant AFNI's conduct, with respect to the debt complained of, qualifies as "communication" as defined 15 U.S.C. §1692a(2).

53. This is an action seeking relief for violation of the FDCPA to recover statutory damages under 15 U.S.C.A. § 1692k(a)(2)(B) and attorney's fees and costs of this action under 15 U.S.C.A. § 1692k(a)(3).

54. The collection letter, **Exhibit C,** is a "communication" as that term is defined by 15 U.S.C. § 1692a(2). At all material times herein, Plaintiff's debt was consumer debt as defined by the FDCPA, 15 U.S.C.A. § 1692a(5).

55. Defendant attempted to collect on debt it knew was not owed by Plaintiff.

56. By misrepresenting the status of the debt as collectible and attempting to collect a debt that was not owed, Defendant violated:

    a. 15 U.S.C. §1692e, generally ("A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt);

    b. 15 U.S.C §1692e(2)(A) ("The false representation of . . . the character, amount, or legal status of any debt"); and

    c. 15 U.S.C. §1692d, generally ("A debt collector may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt").

57. As a direct and proximate result of Defendant's FDCPA violations, Plaintiff has been harmed. Plaintiff is entitled to statutory damages, actual damages including emotional damages and any money paid to Defendant on the improper debt under 15 U.S.C. § 1692k(a)(2)(B) and attorney's fees and the costs of this action pursuant to 15 U.S.C. § 1692k(a)(3).

58. For the purpose of the claims brought in this action, the applicable standard under the FDCPA is "the least sophisticated" consumer test. See Jeter v. Credit Bureau, Inc., 760 F.2d 1168, 1172-75 (11th Cir. 1985).

**WHEREFORE**, Plaintiff prays that the Court grant the following relief in favor of Plaintiff and against Defendant:

a) For actual damages;
b) For compensatory damages;
c) For statutory damages;
d) For punitive damages;
e) For attorney's fees and costs incurred in this action;
f) For such other and further relief as the Court may deem just and proper.

## JURY DEMAND

Plaintiff demands a trial by jury on all issues herein.

/s/ Max Story, Esq.
Max Story (Fl. Bar No. 0527238)
Austin J. Griffin (Fl. Bar No. 117740)
Max Story PA
328 2nd Avenue North
Jacksonville Beach, Florida 32250
(904) 372-4109
(904) 758-5333
max@storylawgroup.com
austin@storylawgroup.com
*Counsel for Plaintiff*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the forgoing was electronically filed with the Clerk of Court by using the CM/ECF system which will send notice of electronic filing to all counsel of record, this 21st of May, 2021.

/s/ Max Story, Esq.
Florida Bar: 0527238

EXHIBIT __A__



April 15, 2019

Dear Fred Thompson

You recently contacted us regarding a bill in your name dated 11/30/18 for a former account 523312071561 owed to AT&T in the amount of $7,106.50.

Based on our investigation, we have concluded that you are not responsible for this bill. We have sent authorization to our outside Collection Agency to remove all negative references in your credit record regarding this debt. Please allow 60-90 days for your credit record to reflect this removal.

Please accept our apologies for any inconvenience this may have caused you. Should you wish to discuss this matter further, please contact our office at 1-877-844-5584.


Sincerely,


AT&T

32

EXHIBIT B

DEPT 555
PO BOX 4115
CONCORD CA 94524

01-27-2021

ADDRESS SERVICE REQUESTED

FRED M THOMPSON
MAX            STORY
328 2ND AVE N
JACKSONVILLE FL 32250-5549

afni.
1310 Martin Luther King Drive
PO Box 3517
Bloomington, IL 61702-3517

Afni, Inc. Account #: 079544027-01

Creditor: AT&T
Creditor Account #:     523312071561

Balance Due:            $7,106.50

We received your dispute regarding the above referenced matter. We investigated your dispute and verified the account information is accurate. This letter serves as verification of the account.

We have verified with the creditor the following information:

| | |
|---|---|
| Current Creditor: | AT&T |
| Original Creditor: | AT&T<br>PO BOX 2767<br>HOUSTON, TX 772522767 |
| Creditor Account #: | 523312071561 |
| Balance: | $ 7,106.50 |

If you have any questions regarding this account, please contact our office toll free at (877) 859-8781 Monday – Friday 7am-7pm Central.

Note: These are general hours and are subject to change. We look forward to helping you resolve this matter.

This communication is from a debt collector.

All conversations with Afni may be recorded.
Sincerely,
Afni, Inc.

AFNBX-0127-1483478080-00045-45



FRED M. THOMPSON
9745 TOUCHTON RD UNIT 622
JACKSONVILLE, FL 32246-4493

| | |
|---|---|
| Page: | 1 of 2 |
| Issue Date: | Jan 03, 2021 |
| Account Number: | 523312071561 |

EXHIBIT ___C___

**Total due**

**$7,106.50**

### Account summary

| | |
|---|---|
| Your last bill | $7,106.50 |
| Past due - please pay immediately | $7,106.50 |
| **Total due** | **$7,106.50** |

Due immediately:   $7,106.50
Due Jan 26, 2021:   $0.00

---

**Ways to pay and manage your account:**

 myAT&T app
iPhone and Android

 att.com/pay

 Call 611 or
800.331.0500
TTY: 866.241.6567

Scan to pay


*Return this portion with your check in the enclosed envelope. Payments may take 7 days to post.*



FRED M. THOMPSON
9745 TOUCHTON RD UNIT 622
JACKSONVILLE, FL 32246-4493

☐ CHECK FOR AUTOPAY
(SEE REVERSE)

**Total due: $7,106.50**
Due immediately: $7,106.50   Due Jan 26, 2021: $0.00

Account number: 523312071561
*Please include account number on your check*

Make check payable to:
AT&T MOBILITY
PO Box 536216
Atlanta, GA 30353-6216

9230052331207156100000000000000000000710650002

AFNBX-0127-1483478080-00045-45



| | |
|---|---|
| Page: | 2 of 2 |
| Issue Date: | Jan 03, 2021 |
| Account Number: | 523312071561 |

## News you can use

© 2021 AT&T Intellectual Property. All rights reserved.

**Final bill credit**
If you have a credit balance on your final bill, the refund will be issued within two bill cycles. If your refund is not received after 60 days from your final bill date, please visit resolve.att.com to submit a refund request. If you have any questions, please call AT&T at 800.288.2020.

## Important information

**Late payment fee**
The late payment fee for consumer and Signature bills not paid in full by the payment due date is up to $7.00.

**Electronic check conversion**
Paying by check authorizes AT&T to use the information from your check to make a one-time electronic fund transfer from your account. Funds may be withdrawn from your account as soon as your payment is received. If we cannot process the transaction electronically, you authorize AT&T to present an image copy of your check for payment. Your original check will be destroyed once processed. If your check is returned unpaid you agree to pay such fees as identified in the terms and conditions of your agreement, up to $30. Returned checks may be presented electronically.

**Surcharges and other fees**
AT&T imposes additional charges on a per line basis, including federal and state universal service charges, an Administrative Fee (to defray certain expenses including charges AT&T or its agents pay to interconnect with other carriers to deliver calls from AT&T customers to their customers, and charges associated with cell site rents and maintenance), and a Regulatory Cost Recovery Charge (to recover costs of compliance with certain government imposed regulatory requirements, including Wireless Number Portability and Number Pooling, and E911). These fees are not taxes or charges that the government requires AT&T to collect from its customers. See att.com/mobilityfees for details.

**AT&T Mobility Center for customers with disabilities**
Questions on accessibility by persons with disabilities: 866.241.6568.

**Written correspondence**
Do not send notes/letters with payment. We cannot guarantee receipt. Send notes/letters to AT&T, P.O. Box 5074, Carol Stream, Illinois 60197-5074 or FAX 314.242.0792.

**Wireless DirectBill charges**
Detail of DirectBill charges can be viewed at att.com/db. The direct billing option offers you the ability to purchase content, goods and features such as apps, games, donations, and services from AT&T and other companies by applying charges to your wireless account.

**Tax ID**
AT&T Mobility Tax ID 84-1659970

*Printed on Recyclable Paper*

**AutoPay enrollment**

If I enroll in AutoPay, I authorize AT&T to pay my bill monthly by electronically deducting money from my bank account. I can cancel authorization by notifying AT&T at www.att.com or by calling the customer care number listed on my bill. Your enrollment could take 1-2 billing cycles for AutoPay to take effect. Continue to submit payment until page one of your invoice reflects that AutoPay has been scheduled.

Bank Account Holder Signature: _____

Date: _____

AFNBX-0127-1483478080-00045-45